**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EILEEN A. BOWER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **2:11-cv-00931-FM** |
| **v.** | : | |
| | : | |
| | : | |
| **LAWRENCE COUNTY CHILDREN** | : | <u>**Electronically Filed**</u> |
| **AND YOUTH SERVICES; EVA** | : | |
| **LIGHTEL, Lawrence County Children** | : | |
| **and Youth Services Caseworker; and** | : | |
| **JAMESON HEALTH SYSTEMS.** | : | |
| | : | |
| **Defendants.** | : | **JURY TRIALDEMANDED** |
| | : | |

<u>**PLAINTIFF'S PRETRIAL STATEMENT**</u>

Plaintiff Eileen Bower, by and through her undersigned counsel, submit the foregoing **PRETRIAL STATEMENT** pursuant to LCvR 16.1 C For the reasons that follow, this Court should deny Defendants' Motion for Summary Judgment.

**I.     BRIEF NARRATIVE STATEMENT OF MATERIAL FACTS**

On July 12, 2009, Eileen Ann Bower was admitted into Jameson Health Systems (hereinafter "Jameson") for the birth of her child. Upon Eileen's admission into Jameson a urinalysis/drug screen was conducted.  On July 13, 2009, Eileen gave birth to a baby boy named Brandon Brothers, II ("baby Brandon").  On that date, Jameson contacted LCCYS and disclosed Eileen's medical results from the initial drug screen urinalysis ("UDS").

On the morning of July 15, 2009, Lightel, a caseworker from LCCYS obtained a court order granting LCCYS permission to take custody of baby Brandon.  On July 16, 2009, LCCYS took custody of baby Brandon and participated in a seventy-two (72) hour review hearing where it was determined that Brandon would remain in the custody of LCCYS until the scheduled adjudication hearing on July 21, 2009. Following the adjudication hearing, the Master recommended that the child be detained and placed under the temporary legal custody, care and control of LCCYS pending further order of court.

On July 21, 2009, an adjudication hearing was held.  On July 24, 2009, the Lawrence County Court of Common Pleas entered an Ordered consistent with the Master's recommendations.  Baby Brandon was eventually returned to Plaintiff's care following an adjudication/ disposition hearing on September 28, 2009.

In July of 2009, LCCYS had an unwritten policy whereby a positive urinalysis by a mother was the sole criteria to seek removal of a newborn. The director created and made policy changes.  Sandy Copper was the Supervisor of the Intake Unit at LCCYS and she reported directly to the Director, Jane Gadja.  LCCYS failed to conduct any investigation prior to seeking removal of baby Brandon as such was LCCYS's policy at the time. As early as July 15, 2009, LCCYS was made aware that Plaintiff was disputing the results of her drug screen and claiming the same was premised upon ingesting poppy seeds.  Instead of performing an investigation, it relied upon a report of a preliminary drug screen that was only intended to be used for non-medical purposes and it's a disputed fact whether LCCYS ever had the preliminary or confirmatory test results in its possession.

Dr. Krasowski testified to a reasonable degree of medical certainty that the report from Quest Diagnostics was inconclusive to determine whether or not the Plaintiff utilized, for example, drugs like heroin or an illicit substance.

## II.  STATEMENT OF DAMAGES

Nominal, compensatory, and punitive damages in an amount to be proven at trial and Attorney fees pursuant to 42 U.S.C. §1988.

## III.  ANTICIPATED WITNESSES

APPENDIX "A"

## IV.  IDENTIFICATION OF DOCUMENTS AND EXHIBITS

APPENDIX "B"

## V.  EXPERT DISCLOSURES

APPENDIX "C"

## VI.  LEGAL ISSUES

An essential legal issue that should be discussed at the pretrial conference is the Plaintiff's alleged collateral drug use as a teenager, which had not bearing on the defendant's decision-making in removing the newborn from her care.  In addition, the parties should discuss any stipulation in regards to introduction of evidence such as medical records.

*THE LAW FIRM OF STANLEY
T. BOOKER, LLC*


BY:    <u>/s/ Stanley T. Booker</u>
       Stanley T. Booker
       PA ID No.: 93435
       (o) 724.654.8111
       (o) 724.734.4105
       (c) 724.302.9844

       <u>/s/ Deanna Nocera</u>
       PA ID No.: 205269
       318 Highland Avenue
       New Castle, Pa. 16101
       (o) 724.734.4105
       (f) 724.654.6766
       Stbookerlaw1@lawyer.com
       Dlnocera@lawyer.com

       Counsel for Plaintiff,
       EILEEN BOWER

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EILEEN A. BOWER,** | : | **CIVIL ACTION NO.** |
| | : | **2:11-cv-00931-FM** |
| **v.** | : | |
| | : | |
| | : | |
| **LAWRENCE COUNTY CHILDREN** | : | **Electronically Filed** |
| **AND YOUTH SERVICES, et. al.** | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Pretrial Statement was served this 26th day of August, 2013, via the Court's electronic transmission facilities pursuant to Fed. R. Civ. P. 5(b)(3) and Local Rule 5.5 upon the following:

Richard J. Kabbert, Esquire
John C. Conti, Esquire
Dickie McCamey & Chilcote, PC
2 PPG Place, Suite 400
Pittsburgh, PA 15222
(Counsel for Jameson Health Systems)

Marie Milie Jones, Esquire
Jeffrey Cohen, Esquire
Jones Passodelis, PLLC
Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA 15219

/s/ Stanley T. Booker